NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EMERY MULDROW,<br><br>              Plaintiff,<br>     v.<br><br>BROOKSTONE, INC., JOHN DOE MANUFACTURER, JOHN DOE DISTRIBUTOR, JOHN DOE RETAILER and JOHN DOES 1-10,<br><br>              Defendants. | OPINION<br><br>Civ. No. 14-07937 (WHW) (CLW) |

**Walls, Senior District Judge**

In this product liability action arising from Plaintiff's purchase of a massaging seat topper, Defendant Brookstone, Inc. ("Brookstone") moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Without oral argument under Federal Rule of Civil Procedure 78(b), the Court denies Brookstone's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Emery Muldrow filed the present action against Brookstone and several fictitious defendants in New Jersey Superior Court on November 5, 2014. Notice of Removal ¶ 1, ECF No. 1. Invoking this Court's diversity jurisdiction, 28 U.S.C. § 1332(a), Brookstone removed the action on December 22, 2014. *Id.* Plaintiff is a New Jersey citizen. *Id.* Brookstone is a Delaware corporation with a principal place of business in New Hampshire. Def.'s Mem. Law 1, ECF No. 4-2.

Plaintiff's complaint alleges that Brookstone is "engaged in the manufacture, distribution, sales and marketing of a Massaging Seat Topper." Compl. ¶ 1, ECF No. 1-1. Plaintiff states that he received a massaging seat topper as a gift in April 2012 and began using it in October 2012. *Id.*

**NOT FOR PUBLICATION**

¶ 5-6. After using the device on November 8, 2012, Plaintiff claims he "experienced severe pain which continues to the present time." *Id.* ¶ 7. Plaintiff asserts that his "pain, discomfort and stiffness gradually worsened and spread to all of plaintiff's joints," resulting "in his seeking medical attention and treatment including physical therapy, injections, and ultimately surgery." *Id.* ¶¶ 7-8. Plaintiff's complaint asserts claims against Brookstone and the fictitious defendants for strict liability, failure to test or warn, breach of warranty, and negligence. *Id.* 2-8.

Brookstone moves to dismiss Plaintiff's complaint under Rule 12(b)(6) on the grounds that an order of the United States Bankruptcy Court for the District of Delaware discharged Brookstone of liability for Plaintiff's claims. Def.'s Mem. Law 1-2. Plaintiff counters that he did not have adequate notice of Brookstone's bankruptcy proceeding. Pl.'s Opp. 4, ECF No. 6.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

"In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record, and a court may take judicial notice of a prior judicial

**NOT FOR PUBLICATION**

opinion." *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (internal citations omitted).

## DISCUSSION

**1. Brookstone Has Not Established that Plaintiff's Claims Are Barred**

Brookstone argues that Plaintiff's claims are barred by a June 2014 bankruptcy court order which discharged Brookstone of liability for existing claims. Def.'s Mem. Law 1-2. Plaintiff responds that he was unaware of Brookstone's bankruptcy and that, had he known about it, "he would have filed the appropriate claim notice." Pl.'s Opp. 4.

Under Chapter 11 of the U.S. Bankruptcy Code, the confirmation of a debtor's reorganization plan "discharges the debtor from any debt that arose before the date of such confirmation." *Jones v. Chemetron Corp.* ("*Chemetron II*"), 212 F.3d 199, 209 (3d Cir. 2000) (citing 11 U.S.C. § 1141(d)(1)(A)). In most circumstances, "confirmation of the debtor's reorganization plan discharges all prior claims against the debtor." *Id.* The discharge of pre-confirmation claims "operates as an injunction against the commencement or continuation of an action." 11 U.S.C. § 524(a)(2). The Court of Appeals for the Third Circuit recently restated the test for determining when a plaintiff's claim arises: "a claim arises when an individual is exposed pre-confirmation to a product or other conduct giving rise to an injury that underlies a 'right to payment' under the [Bankruptcy] Code." *Wright v. Corning*, 679 F.3d 101, 107 (3d Cir. 2012).

Due process considerations can prevent the discharge of claims that arose before the confirmation of a debtor's reorganization plan. "[I]f a potential claimant lacks sufficient notice of a bankruptcy proceeding, due process considerations dictate that his or her claim cannot be discharged by a confirmation order." *Chemetron II*, 212 F.3d at 209. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

3

Case 2:14-cv-07937-WHW-CLW   Document 8   Filed 04/02/15   Page 4 of 6 PageID: 171

**NOT FOR PUBLICATION**

the action and afford them an opportunity to present their objections." *Wright v. Corning*, 679 F.3d 101, 108 (3d Cir. 2012) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

"For notice purposes, bankruptcy law divides claimants into two types, known and unknown." *Chemetron Corp. v. Jones* ("*Chemetron I*"), 72 F.3d 341, 346 (3d Cir. 1995) (internal quotations omitted). A "'known' creditor is one whose identity is either known or 'reasonably ascertainable by the debtor.'" *Id.* (quoting *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "'unknown' creditor is one whose 'interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].'" *Id.* (quoting *Mullane*, 339 U.S. at 317). "It is well established that, in providing notice to unknown creditors, constructive notice . . . by publication satisfies the requirements of due process." *Id.* at 348. "Publication in national newspapers is regularly deemed sufficient notice to unknown creditors, especially where supplemented . . . with notice in papers of general circulation in locations where the debtor is conducting business." *Id.* at 348-49. "But whether adequate notice has been provided depends on the circumstances of a particular case." *Wright*, 679 F.3d at 108.

Brookstone filed for bankruptcy under Chapter 11 of the Bankruptcy Code in April 2014. Decl. of Jeffrey S. Craig, Esq. ("Craig Decl."), Ex. C, ECF No. 4-3.[1] The bankruptcy court confirmed Brookstone's plan of reorganization on June 24, 2014. *Id.* ¶ 82. The court's confirmation order discharged Brookstone from liability for all existing claims. *Id.* ¶¶ 82, 96-97. Applying the Third Circuit's test to determine when Plaintiff's claims arose, *Wright*, 679 F.3d at 107, the Court finds that they arose in 2012 when Plaintiff alleges he was exposed to and injured

---

[1] The Court takes judicial notice of the bankruptcy court's confirmation order. *McTernan*, 577 F.3d at 526.

by the massaging seat topper. Compl. ¶¶ 5-7. Because Plaintiff's claims arose before the bankruptcy court's confirmation order, the order discharged Brookstone of liability for Plaintiff's claims so long as Plaintiff had adequate notice of Brookstone's bankruptcy proceeding.

Plaintiff argues that his notice of Brookstone's bankruptcy proceeding was inadequate. Pl.'s Opp. 4. The bankruptcy court's confirmation order states that notice of Brookstone's bankruptcy proceeding was published on May 29, 2014 in the national edition of *USA Today*. Craig Decl., Ex. C at 2. No further information about the notice is before the Court. Plaintiff states that he was unaware of the notice in *USA Today* and remained unaware of Brookstone's bankruptcy proceeding until after he filed the present lawsuit. Pl.'s Opp. 5. Plaintiff also contends that the Court does not know "how often those notices were published nor whether they were of sufficient size and presentation." *Id.*

Plaintiff was an unknown creditor to Brookstone at the time of Brookstone's bankruptcy proceeding because Brookstone could not practically have discovered Plaintiff's claims against it for injuries from the massaging seat topper. While constructive notice by publication in national newspapers is generally sufficient to satisfy the requirements of due process, *Wright*, 679 F.3d at 107-08, the adequacy of notice "depends on the circumstances of a particular case." *Wright*, 679 F.3d at 108. The notice published in *USA Today* is not before the Court, and it appears from the bankruptcy court's order that it was published only once in *USA Today* just twenty-six days before the bankruptcy court confirmed Brookstone's reorganization plan. Craig Decl., Ex. C at 2.

While it is "impracticable . . . to expect a debtor to publish notice in every newspaper a possible unknown creditor may read," *Chemetron I*, 72 F.3d at 348, the Third Circuit's cases approving notice by newspaper publication have dealt with debtors who published notice in multiple newspapers. *See id.* at 345 (finding notice sufficient where published in *The New York*

5

**NOT FOR PUBLICATION**

*Times*, *The Wall Street Journal*, and seven other newspapers); *Wright*, 679 F.3d at 103 (finding notice sufficient where published twice in *The New York Times*, twice in *The Wall Street Journal*, twice in *USA Today*, and in other publications). Also, the short period of twenty-six days between notice publication and confirmation hearing in this case may have deprived potential claimants of any realistic opportunity to file claims. *See In re Smith*, 582 F.3d 767, 779-80 (7th Cir. 2009) (finding notice insufficient in Chapter 7 bankruptcy proceeding where plaintiffs were "given only sixteen or seventeen days before the deadline" because "there was little time left at that point for [plaintiffs] to investigate the bankruptcy, ascertain the relevant deadlines, and take appropriate action"). Another district court in this Circuit recently found notice insufficient when published only once in a single national newspaper thirty-nine days before the relevant deadline. *In re New Century TRS Holdings, Inc.*, Br. No. 07-10416, 2014 WL 4100749, at *6 (D. Del. Aug. 19, 2014), *appeal pending*, No. 14-3923 (3d Cir.).

Without evidence of the content of the notice published in *USA Today*, of its publication elsewhere, or of other circumstances making the notice reasonable, the Court does not have sufficient basis to find that Plaintiff's claims were discharged by the bankruptcy court's confirmation order. Because Brookstone asserts no other grounds for dismissal, the Court denies its motion.

## CONCLUSION

Brookstone's motion to dismiss Plaintiff's complaint is denied. An appropriate order follows.

Date: April 1, 2015

**/s/ William H. Walls**
United States Senior District Judge
